# Bankruptcy Retainer Agreement

OUR LAW FIRM IS A DEBT RELIEF AGENCY WE HELP PEOPLE FILE FOR BANKRPTCY RELIEF UNDER THE BANKRUPTCY CODE.

In consideration for services to bill rendered to undersigned clients    IWONA GARWACKI
by Attorney
Ted Gauza - Gauza Law Office located at 5151 N. Harlem Av. Suite 311 Chicago IL 60656, in connection

with representing client regarding bankruptcy matters, Client, jointly and severally agrees to pay

Attorney as follows:

1. A total amount of $1400 is required to be paid for representation in Client
Bankruptcy case. An additional $ 338 is to be paid by Client for the Court filing fee
of the bankruptcy petition AND $ 50 credit report. There will be additional fees in connection with your bankruptcy case
The following 'is a non-exhaustive list of additional fees routinely paid by the client in connection with their  bankruptcy case:

1)      Fee to the Trustee;
2)      Fees to credit counseling agencies;

3)      Credit report fee;

4)      If real estate is involved, a Competitive Market Analysis ("CMA") will need to be done to justify

    the value of the real estate;

5)      If an automobile is involved, a price analysis from Kelly Blue Book ("KBB") will need to be

    obtained.

    A retainer of $ 1400 also $338 filing fee and $50 credit report was paid  on 03/18/2024

 A retainer is advance payment for Attorney services and the expenses Attorney may incur on Clients behalf and does not cover the Court filing fee. Client understands that such amount will be credited against any amount Client owes Attorney and will not be refunded regardless if Client decides to cancel filing of the bankruptcy petition or not.

Client understands that if any check given in payment to Attorney is returned for insufficient funds, Client agrees to immediately pay Attorney a $50.00 fee in addition to the amount of the returned check. This payment and any future payments must therefore be made in cash, money order or debit card.

2. Attorney reserves the right to withdraw from Client representation if, among other things, Client fails to honor the terms  of this Agreement, including non-payment of Attorney and court filing fees; Client fails to cooperate or follow advice on a material matter, or if any fact or circumstance arises or is discovered that would render continuing representation unlawful or tribunal.

3. Since the outcome of negotiations and litigation is subject to factors which cannot always be foreseen, Client acknowledges and understands that Attorney has made no promises or guarantees to Client concerning the outcome and is unable do so. Nothing in this Bankruptcy Retainer Agreement shall be construed as such a promise or guarantee.

4. Client agrees that Attorney may discard Client records within five (5) years of the completion of the Client's bankruptcy case.

5.   Attorney shall provide Client with the, following services:

a.   Review and analyze Clients financial circumstances based on, information provided by Client.

b.   If possible and to the extent possible, based on the information provided by Client, advise Client of   the Clients options, including but not limited to bankruptcy options,

c.   Inform Client what information Client needs to provide Attorney in order to allow Attorney to provide appropriate advice and option information, in the event such information Client provided is insufficient,

d.   Advise Client of the appropriate requirements in connection with the filing of a Chapter 7 or Chapter 13 bankruptcy, including the duties of Client connected with such filing.

e.   Quote the Client an estimated fee, to the extent possible given the information provided by Client, for the Attorneys service relative to providing bankruptcy assistance or other legal services to Client.

f.   Assuming that a U.S. Bankruptcy proceeding is filed, Attorney services will include all typical Attorney required participation in such proceeding, including but not limited to, appearances at Court hearings, preparation of legal memoranda, and communication with opposing counsel and parties.

g.   If Clients proceeding requires· additional, but not customary work, Attorney will inform Client directly, and enter into a separate written contract for such services to fully apprise Client of the fees, payment requirements, and expected services to be provided.

6. Client acknowledges his/her obligation to make full and complete disclosure of all

assets and all liabilities, and to provide all documents and information requested by the Attorney;

before the bankruptcy petition can be prepared and filed with the court.

7. Client acknowledges that he/she much attend pre-petition credit counseling before the bankruptcy petition can be filed.  Client understands that he/she must also attend post-petition counseling after the bankruptcy petitions is filed and within the time frame allowed by statute. Client acknowledges that the bankruptcy cannot be filed without the certificate of completion of the pre-bankruptcy credit counseling. Client understands that no discharge of debts will be issued if the post-bankruptcy credit counseling is not completed within the statutory time frame.

8. Client acknowledges that Attorney does not represent Client in any other type of case, lawsuit or proceeding other than Clients bankruptcy case. The Attorney may make a special appearance in a court, other-than the Bankruptcy Court, for the purpose of filing a notification of Clients bankruptcy proceedings, and to suggest to another court that Clients proceedings should be stayed. Sending or receiving any summons or complaint, or notifying the Attorney of a pending lawsuit does not obligate the Attorney to represent Client in that lawsuit or before that court. Any representation of Client in a state court proceeding, including without limitation, collection lawsuits, foreclosure lawsuits, and etc., is not included in this Bankruptcy Retainer Agreement. Any referral made to another Attorney to represent Client is a courtesy only. The Attorney is not associated with any other Attorney outside of the undersigned Attorneys law offices:

9. Client acknowledges that the Attorney will not research creditor information, including addresses, account numbers, or balances. 'The client must-provide this information to the Attorney in writing: Failure to do so many result in unscheduled debts subject to non-discharge ability.

1 O. Client agrees that the following matters are not h1cluded within the scope of this Bankruptcy Retainer Agreement. Client agrees that, as to the matters listed below, the Attorney will not take any action on Clients behalf, without a written request and/or a separate Retainer Agreement and possibly an additional retainer:

a. Motions to revoke a discharge.

b. Removal of a pending action in another court.

c. Obtaining title reports.

d. The determination of real estate or tax liens

e. Appeals to the BAP, District Court of Court of Appeals.

f. Correcting credit reports.

g. Negotiations with Check System regarding Client.

h. Motions to Discuss Clients bankruptcy case filed by the Trustee, U.S. Trustee, or any creditor.

i. Any adversary proceeding filed by the Trustee, U.S. Trustee, or any other party on any basis, including, without limitations, proceedings to determine discharge ability of debts.

j. Preparing reaffirmation agreements, negotiating the terms of reaffirmation agreements proposed by creditors, motions to redeem personal property, and negotiating reaffirmation agreements when Clients income is not sufficient to rebut the presumption of undue hardship and special circumstances do not warrant the signing of a reaffirmation agreement

k. Motion to impose or extend the bankruptcy stay.

11. Client understands that certain debts cannot be discharged in bankruptcy. Client agrees that Client is still liable to repay any debt not discharged in Clients bankruptcy. Client understands that the debts listed below are common examples of the types of debts that cannot be discharged in bankruptcy. Client further understands that the list of non-dischargeable debts may he expanded by legislation or court decisions and Attorney has no control over the type of debts that may be or become non-dischargeable.

a. Certain types of taxes, custom duties, or debts to pay taxes or custom duties.

b. Student loans.

c. Debts owed for spousal or child support.

d. Debts owed to the spouse, former spouse, or child in a domestic relations proceeding.

e. Dents arising from a previous bankruptcy wherein discharge of that particular debt was waived.

f. Debts owed for money, property, services, extension or removal, or refinancing of credit, if obtained by false pretenses, or false representations, or actual fraud.

g. Consumer debts for luxury goods obtained within ninety (90) days of the date of filing of the bankruptcy petition.

h. Cash advances obtained within seventy (70) days of the date of the filing of the bankruptcy petition.

i. Debts owed for fraud or defalcation while acting in a fiduciary capacity or embezzlement or larceny.

j. Debts owed for fines, penalties, or forfeil1tres payable to and for the benefit of governmental entity.

k. Debts owed for death or personal injury arising from the operation of a motor vehicle, boat, or aircraft while intoxicated by drugs or alcohol.

12. Client understands that filing bankruptcy does not automatically discharge or remove liens from any real estate. ·client agrees that the Attorney will not take any action to avoid (remove) any lien on real estate unless Client specifically authorizes the Attorney to do so in writing. Client agrees that the Attorney will rely on Clients statements concerning ownership of real property and any liens attached to Clients real property. Client agrees that no real estate title search will be conducted. Client agrees that Attorney will not conduct a public records search for lawsuits filed against Client or judgments granted against Client. Client must separately order and pay for a real estate title search, or public records search for lawsuits or judgments, if Clients wishes to obtain one. Client agrees to hold the Attorney harmless if client later discovers liens, lawsuits or judgments against Client or against Clients real estate.

13. Client understands that individuals who file for relief under Chapter 7 or Chapter 13 of the Bankruptcy Code are subject to audits by the U.S. Trustee. If Clients case is selected for an audit, Client agrees to pay Attorney the customary hourly rate for representing Client in such audit.

14. Client understands that Attorney may charge additional fees if Client waits longer than ninety (90) days from the first date Attorney is retained to finalize the bankruptcy petition and schedules due to additional due diligence and other update work required to finalize the bankruptcy.

15. Client acknowledges that Client has read and understands all the terms contains in this Bankruptcy Retainer Agreement and that, whether written, spoken, recorded or transcribed by any other means, no other terms are made part of this Bankruptcy Retainer Agreement. Client is in agreement with the terms of this agreement and has signed on the signature lines below. Client further acknowledges that Client has received a copy of this Bankruptcy Retainer Agreement.

Dated: 03/18/2024

_____        IWONA GARWACKI
Client Signature                                       Client Printed Name


_____        _____
Client Spouse Signature                          Client Spouse Printed Name


Dated: 03/18/2024

_____
Thaddeus Gauza    Gauza Law Office

Payments: